IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENJI ARDE,

Petitioner, No. CIV S-09-2908 WBS EFB P

vs.

KATHLEEN ALLISON, Warden,[1] FINDINGS AND RECOMMENDATIONS

Respondent.

_______________________________/

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Respondent moves to dismiss on the ground that the petition is barred by the statute of limitations. As explained below, this action is untimely and respondent's motion to dismiss must therefore be granted.

**I. Procedural History**

On April 22, 2003, petitioner pled guilty to forgery, possession of a controlled substance while armed with a firearm, possession for sale of a controlled substance, two counts of being a

[1] The court hereby substitutes Kathleen Allison, Warden of the facility where petitioner currently is located, as the respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

felon in possession of a firearm, three counts of possession of a controlled substance, and two counts of possession of forged checks. Pet. at 2; Resp.'s Mot. to Dism. ("Mot."), Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1. A number of sentencing enhancements were also found true. Pet. at 2; Lodg. Doc. 1. On June 10, 2003, the Sacramento County Superior Court sentenced petitioner to a determinate state prison term of nineteen years. Lodg. Doc. 1. Petitioner appealed his sentence but subsequently requested dismissal of the appeal. Lodg. Doc. 2. On April 22, 2004, the California Court of Appeal, Third Appellate District, dismissed the appeal pursuant to petitioner's written request. Lodg. Doc. 3. Petitioner did not seek review of the dismissal. Mot. at 2.

Petitioner subsequently filed four pro se state post-conviction collateral challenges.

On March 15, 2009, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.[2] Lodg. Doc. 4. The superior court denied the petition on May 1, 2009. Lodg. Doc. 5.

On June 29, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. Lodg. Doc. 6. The appellate court denied the petition on July 9, 2009. Lodg. Doc. 7.

On July 31, 2009, petitioner filed a petition for review in the California Supreme Court, seeking review of the superior court's May 1, 2009 denial of his petition. Lodg. Doc. 8. The state supreme court denied the petition for review on September 17, 2009. Lodg. Doc. 9.

Petitioner also filed a petition for writ of habeas corpus in the California Supreme Court on August 7, 2009. Lodg. Doc. 10. However, on August 12, 2009, the court "voided" the case because the petition was "a duplicate filing of S175332." Lodg. Doc. 10; *see also* Lodg. Doc. 8

---

[2] Where the record allows, the court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houstan v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

(case number S175332).

Petitioner filed this action on October 15, 2009. Dckt. No. 1.

**II. Statute of Limitations**

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The limitations period may be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III. Analysis**

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Court of Appeal, Third Appellate District, dismissed petitioner's appeal, per his request, on April 22, 2004. Lodg. Doc. 3. The state appeal process became "final" within the meaning of section 2244(d)(1)(A) when the time for filing a petition for review expired ten days later, on May 2, 2004. *See* Cal. R. Ct. 8.500(e)(1) (formerly Rule 28); Cal. R. Ct. 8.366(b)(2)(B) (formerly Rule 33.1). The one-year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until May 2, 2005 to file his federal habeas petition. However, petitioner did not file the instant petition until October 15, 2009. Dckt. No. 1. Absent tolling, the petition was filed over four years after the limitation period ended.

As noted, petitioner filed several petitions for post-conviction relief in the state courts. Pet. at 3-4; Lodg. Docs. 4, 6, 8, 10. The earliest of these petitions was filed on March 15, 2009. Lodg. Doc. 4. Because petitioner waited almost four years after the federal statute of limitations period expired before filing his first state habeas petition, he is not entitled to statutory tolling. *See Jiminez*, 276 F.3d at 482.

Equitable tolling is only appropriate if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (quotation marks and citation omitted) (emphasis in original). Petitioner argues that he meets this tolling requirement because he was prevented from filing his petition until the California Supreme Court issued its February 2, 2009 decision in *In re Gomez*, 45 Cal.4th 650 (2009). Pet. at 5. *Gomez*

////

////

held that the rule stated in *Cunningham v. California*, 549 U.S. 270 (2007)[3] applies on collateral review to California cases in which the judgment became final before *Cunningham* was decided but after *Blakely v. Washington*, 542 U.S. 296 (2004) was decided. Petitioner's conviction became final on May 2, 2004, after abandoning his appeal, which occurred before the *Blakely* decision of June 24, 2004. *Cunningham*, thus, does not apply retroactively to petitioner's sentence. Given these circumstances, petitioner's argument that he is entitled to equitable tolling because he could not file a federal petition until *Gomez* was decided, lacks merit.[4]

Additionally, petitioner argues that an illegal sentence may be corrected at any time. *See* Dckt. No. 19 at 55-56. Although that may be true in California courts, it does not apply in federal habeas proceedings, which are governed by the clear time requirement set forth in § 2244(d)(1).

As petitioner has not shown he is entitled to either statutory or equitable tolling, his petition must be dismissed as untimely.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's May 6, 2010 motion to dismiss be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v.*

---

[3] *Cunningham* held that except for a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. 549 U.S. at 288-89.

[4] Nor would *Gomez* entitle petitioner to a later trigger date of the limitations period pursuant to subsections 2244(d)(1)(B), (C), or (D).

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 10, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE